## RIGHT OF TELEPHONE COMPANY TO TRIM TREES ON LAND OF ABUTTING OWNER.

Common Pleas Court of Licking County.

A. R. REYNARD v. UTICA & HOMER TELEPHONE CO.

Decided, April Term, 1913.

*Shade Trees—May Not be Trimmed or Interfered with by Telephone Company—Rights of Company where Its Poles are in Position.*

Where the land of an abutting owner extends to the middle of the highway, a telephone company may be enjoined from maintaining its line of poles in front of said property or from trimming the trees along said line, where the poles were placed there without first obtaining the written consent of the owner or making compensation to him, if the possession of the company has continued for less than twenty-one years.

*Carl. Norpell,* for plaintiff.
*Kibler & Kibler,* contra.

FULTON, J. (orally).

This case was heard upon its merits, a temporary restraining order having been heretofore granted in which the defendant was restrained from moving its line of poles and wires further north or nearer the line between said plaintiff's premises and the public highway, and from trimming or interfering with the line of shade trees in front of plaintiff's house, and from operating said line of telephone poles along said plaintiff's premises without compensating plaintiff therefor.

The testimony shows that plaintiff has trees in front of his house, which would be in the line of the highway if the fence of his yard is removed north seven and one-half feet. It is claimed the fence has been ordered to be moved by the commissioners who are improving said highway by grading, graveling, and so forth.

The evidence shows that this fence has been where it is now located, from thirty to fifty years; that these trees were planted by the plaintiff for the purposes of furnishing shade for his house, and that they are now about nineteen years old, except a walnut tree, which the defendant did not plant, and which is very much older.

This telephone line was placed in front of plaintiff's premises some thirteen or fourteen years ago, but according to the testimony, it was done without the written consent of said plaintiff.

These trees are hard maple trees, or what are commonly known as sugar trees, of slow growth, very ample width, thick foliage and close limbed.

The court finds from the evidence that plaintiff's line extends to the center of the road and that these trees are upon plaintiff's land.

What is the law applicable to these facts? It seems to the court that this case has been settled and determined by the case in 51 O. S., page 348.

The court finds the law to be that, without the written consent of the plaintiff, the possession of the telephone company would not ripen into a right until the same had been occupied for the

period of twenty-one years, and as the testimony in this case shows that this line was first constructed about thirteen or fourteen years ago, it follows that the telephone company has no lawful right to have its line and poles on the property of the plaintiff.

The court further finds that the commissioners of the county granted to the telephone company the right to erect their poles along this road, but without the written consent of the plaintiff, and unless the same has been occupied for the period of twenty-one years, the court holds this would not give the telephone company the right to enter upon the premises of the plaintiff without first making him compensation therefor.

As it is not claimed in this case that any written consent was obtained from, or any compensation has been made to, plaintiff and as the court finds the law to be as above stated, the court makes the temporary order heretofore made in this case permanent.